Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows. — The counsel for the defendant, without entering into the details of the proceedings in the Court of Equity, has insisted here that the decree is erroneous upon two general grounds. The one, that the former decree is not evidence against the defendánt, and the other, that Barnard is not a party to this suit, and that he ought to be a party. Upon both, the Court is of opinion with the defendant^
 

 At law, a fraudulent donee of goods, is, after the death of the donor, liable to creditors for the value. He may be sued as executor,
 
 de son tort,
 
 and from the necessity of the case, he may be thus sued, wh^©*tteiS^isE%a8ghtfal executor or administrator, becau,^can render the goods assets in his hakds. It may bu'jfiflded, also, that a parol gift of slaves of the donor’s intestacy, is made ®y the act of i80o,pja advancement,is fraudulent, and creditors, if he die without leaving om^pxpperty sujifcient to discharge his debts., and, that in resp&éfof them, the donee would be deemed at law, executor in his own wrong, There seems to be no reason to doubt, that a fraudulent donee, is responsible in equity to an equitable creditor of the donor, who cannot otherwise obtain satisfaction, for this Court must support rights, which are the peculiar creatures or subjects of the jurisdiction of equity. But it does so according to its own course. At law, an executor, in his own wrong, is sued as if he were executor, and may, therefore, be sued separately or jointly, with the rightful executor. But he cannot be sued jointly with an administrator, because the law knows not of an administrator by wrong, nor of any mode of showing an administration, but by the grant of letters by the proper legal authority. So, in equity, an administration can be shown only in the same way, and a liability as executor, can be created only by charging a will, and the appointment of the executor, and his undertaking the burden of executing
 
 *104
 
 the will. In the case of such fraudulent gift, therefore, the rightful representative must be before the Court, upon genera-l principle, that all persons concerned in interest must be parties in this Court, and the donee may also be made a party, and is chargeable as having a fund which ought in equity to pay the debt, and is followed by equity in his hands. This Court does not know of an executor _ , _ , . , .
 
 de son tort,
 
 tor the purpose ot a remedy against him as sucjj. But if it did; neither at law, nor in equity, can the 7
 
 , J \
 
 debt of the deceased debtor be proved against him by a judgment against the rightful representative merely, There is no privity between them. 4-t Jaw, where the su*t is against the executor
 
 de son tort,
 
 he is supposed to be the executor, and it is incongruous to charge him upon the acknowledgment of, or proceedings against another, as being the person invested with the character given in the record to the defendant. It is equally so in this Court. The demand is presented here against the executor, and he is liable in the first instance, if he have assets. The donee may be made a party, for the purpose of making him liable in succession. But each of those parties has a right, and in such a proceeding, the opportunity, of contesting the debt, and it is manifestly just, that each of them should have both the right, and the opportunity. There is no precedent of such a decree as that framed by the parties for themselves in this case. The jurisdiction here is pri- . d 1 manly
 
 in personam,
 
 and if an executor hath not assets, the Court does not decree for the creditor, but dismisses the . bill., If the executor have assets, the decree is in respect possession of them, that he personally pay the debt in the first instance. But if he have not assets, he is in no degree liable to the plaintiff, is not his debtor, and the bill must be dismissed. If the plaintiffs demand arise upon an account or trust between him and the testator, that account 1X1 ay ta^en> and the report upon it confirmed ; but if the plaintiff will not proceed to take the account of the execu- ^or’s administration so as to fix him with assets, or if he proceed to take the account, and it is found thereon, that ^*as no assets, the plaintiff cannot stand in the Court, but the defendant is entitled to a decree dismissing the
 
 *105
 
 bill. It is argued that the statutes' giying the remedies at law against heirs, and on refunding bonds, have created a new rule at law, which equity will follow ; by no means. Equity^before gave relief against legatees, in case of the insolvency of the executor, or against heirs, upon a failure of the personal estate, on such debts as the heir was liable for; and that relief was adequate, upon a bill against all those parties. The statutes may have the effect of rendering the legatees liable in equity, upon the ground of the refunding bonds, and the duty of the executor to deliver over the estate, withput an insolvency of the executor, and as if he were insolvent. But as to the modé of proceeding, or the frame of the decree, the rule at law, introduced by the statute, ought not, and cannot affect the rule of this Court. Doubtless, upon discovering the insolvency of the executor, or that there are no personal assets, the plaintiff, in a suit against the executor alone, may by an amendment to his bill, or by supplemental bill, bring in the legatees or the heir, but when they come in; the plaintiff’s demand is open to be contested by them, and must be proved as
 
 ah origine
 
 against them. But if the plaintiff will bring on his bill to a hearing against the- executor, and have it dismissed as against him, although it be dismissed upon the ground that he has no personal assets, he can never afterwards found upon' that decree against himself, a proceeding to charge other persons separately, and by a distinct suit, with a demand claimed in the former suit. The decree in the case before us, was no doubt drawn up in reference to the proceedings at law,.and the parties hoped to sustain it by an analogy to the legal liabilities. But even at law, the executor, as a necessary party, is kept in Court, until the heir or legatee discharge him by a plea which admits his insolvency or full administration. Here no process was sued against Barnard in this bill, which cannot be connected with the former one, as the
 
 scire facias
 
 is with the judgment
 
 on which
 
 it is issued. But the decisive thing here is, that the decree in: the shit against Barnard, is in effect, and substantially, notwithstanding its formal phraseology, a decree to dismiss, and dismissing that bill at the plaintiff’s cost. Besides, there is a marked
 
 *106
 
 difference between the case of an heir or legatee, and that of a donee. The two former receive their estates after the death of the debtor and as a part of his estate. They are liable to creditors, although the executor receive sufficient assets, provided he is insolvent, or the creditor should otherwise be prevented from getting satisfaction from him. But a donee does not claim the goods as a part of the deceased debtor’s effects. He is liable in respect of the fraud only, and if the donor left sufficient estate, either real or personal, to pay all his debts, there was no fraud, but the goods passed to the donee, not only against the donor and his heir, or executor, but also against the donor’s creditors. The donee, therefore, must have the right of contesting the debt, and is not confined to the allegation, that the judgment or decree was
 
 perfraudem,
 
 and also the right of showing assets descended to the heir, or come to the executor. Until they are exhausted, the donee is not chargeable, and those persons are necessary parties to an account of those assets. Besides, the executor may get assets in future, out of which the donee should be made whole, for what he would have now to pay, and that he may have direct relief therefor, the executor should be a party to, and concluded by the decree against the donee.
 

 
 *104
 
 ACourtof Equity does not charge a person as executor
 
 de
 
 ontyTn’r”1 spect of sionofthe fund.
 

 The juris-Courtof Equity be-mg primarily
 
 in par-sonam,
 
 if an executor has assets, .establishes .the debt, payment^ by him, has fully edThe bill" is dismis-deeree1^-3 certaining andestab-lishing that
 
 *105
 
 the exfecu-tered, is in one of dis-mission,
 

 
 *106
 
 It is said that the bill is sustainable upon the common equity, on which the Court assists judgment creditors against funds of the debtor in the hands of another. But this plaintiff has been already shown not to be a judgment creditor, or what is equivalent thereto, a creditor by decree of this Court. The decree gave him no relief. It professed to declare one fact in his favour, that he was a creditor of the intestate; but upon his own admission, states on the face of it, that the only defendant to his suit, was not liable to pay that debt; the bill was dismissed against that defendant,, and the plaintiff allowed to have satisfaction out of the assets of the intestate
 
 iftherebe any;
 
 that is, that the plaintiff might sue any body else, and get his money if he could. But in cases to which the principle of equity alluded to, applies, the debtor must be a party, as well as the possessor of the fund. In such cases, too, the justice of the debt, is not an inquiry for such possessor, the fund is not
 
 *107
 
 his, but the debtor’s, and he has no' interest in the question. If the possessor claim the effects under a conveyance alleged to be fraudulent, then the existence of the debt is to be proved, as in other cases in -which the question of fraud arises. The plaintiff must show himself a creditor by judgment or decree, eñtitled to take advantage of the statute, 13 Eliz., but is not bound to re-prove the debt as to its origin or amount, unless the possessor allege and show
 
 prima facie,
 
 that the judgment itself was a fraudulent contrivance to defeat a previous gift. But, as in the case before us, there was no decree which could even affect an heir or legatee; and, if there had been, as this defendant does not stand in privity with the party to that suit, what was done in that suit, does not prove the debt against any person, (unless possibly Barnard himself,) and is not evidence to any purpose against this defendant.
 

 The-plaintiff might have moved before the hearing to bring in Barnard, and thereupon to take an account of the assets ; and it is not usual to dismiss a bill, for the want of parties, in the first instance. If that were the sole ground for reversing the decree, the cause would, upon the reversal, be ordered back, with liberty for the plaintiff to move such proceedings. But the plaintiff brought his cause to hearing, without any proof whatever of his demand, as against this defendant; and without any allegation in his bill, on which he could have offered such proof, the bill relying specifically on the decree as conclusive. He has, therefore, failed to establish any debt of the intestate, Dennis Dozier, and for that reason, the bill ought to have been dismissed on the hearing. For the same reason, the decree must be reversed, and this Court, proceeding to give such decree as the Court of Equity ought to have made, must dismiss the bill, with costs in both Courts to be paid by the plaintiff.
 

 PeR Curiam. Decree reversed.